Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, John Barkwende,
on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
JOHN BOUBA BARKWENDE,                    Civil Action No.
on behalf of himself and all others
similarly situated

                                      Plaintiffs,    **CLASS ACTION
COMPLAINT**

    v.

                                                  **NO JURY TRIAL DEMANDED**

HARVARD COLLECTION SERVICES, INC.

                                      Defendant.
-----------------------------------------------------------X

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

**INTRODUCTION**

1. John Bouba Barkwende ("Plaintiff"), on his own behalf and on behalf of the class he seeks to represent, brings this action to secure redress for the illegal practices of Harvard Collection Services, Inc. ("Defendant" or "HCS"), who used harassing, oppressive, and abusive, as well as deceptive, misleading, and other illegal practices, in connection with their attempts to collect alleged debts from Plaintiff and others similarly situated.

1

2. Plaintiff alleges that HCS's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and enumerates a non-exhaustive list of certain per se violations of harassing and abusive collection conduct. *See* 15 U.S.C. §1692d(1)-(6).

5. Among these per se violations is the placement of telephone calls without meaningful disclosure of the caller's identity. *See* 15 U.S.C. §1692d(6).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, provides that a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt and enumerates a non-exhaustive list of certain per se violations of false, deceptive or misleading representations or means. *See* 15 U.S.C. §1692e(1)-(16).

7. Among these per se violations is the failure by a debt collector to disclose in communications, that the communication is from a debt collector. *See* 15 U.S.C. §1692e(11).

8. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698

F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## **JURISDICTION AND VENUE**

9. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

10. Venue and personal jurisdiction in this District are proper because:

    a. The acts giving rise to this lawsuit occurred within this District; and

    b. Defendant does business within this District.

## **PARTIES**

11. Plaintiff, John Bouba Barkwende, is an individual natural person who resides in the City of Fort Lee, County of Bergen, State of New Jersey.

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

13. Harvard Collection Services, Inc., is a corporation with offices located at 4839 North Elston Avenue Chicago, IL 60630.

14. The principal purpose of HCS is the collection of debts using the mail and telephone.

15. HCS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. HCS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

17. Sometime prior to June 1, 2017, Plaintiff allegedly incurred a debt to Consolidated Edison Inc. (the "Debt").

18. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, namely fees related to electrical utility services for Plaintiff's residential apartment.

19. The Debt arose out of a utility account which Plaintiff opened for his personal use.

20. Plaintiff's Con Edison utility account was neither opened nor used by Plaintiff for business purposes.

21. Plaintiff's personal utility bill debt to Consolidated Edison Inc. is a "debt" as defined by 15 U.S.C. §1692a(5).

22. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

23. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection by Con Edison.

24. HCS contends that the Debt is past due and in default

25. At the time the Debt was referred to HCS, the Debt was past-due.

26. At the time the Debt was referred to HCS, the Debt was in default.

27. At all times relevant hereto, HCS acted in an attempt to collect the Debt.

28. As more particularly set forth *infra* at Paragraphs 29-33, within the one year immediately preceding the filing of this Complaint, HCS, in an attempt to collect the Debt, placed

telephone calls to Plaintiff and left telephonic voice messages on his cellular voicemail system (the "Barkwende Messages").

29. On June 23, 2017, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

> Hi this message is for John, John Bouba this is Darren Smith, give me a call at 800-214-2098 that number again is 800-214-2098. I'm at extension 2005. Thanks.

30. On July 11, 2017, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

> Hi this message is for John, John Bouba this is Darren Smith, give me a call back at 800-214-2098. I am located at extension 2005. Thanks.

31. On July 14, 2017, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

> Hi this message is for John, John Bouba Barkwende this is Darren Smith, give me a call back at 800-214-2098 that number again is 800-214-2098. My extension is 2005. Thanks.

32. On July 19, 2017, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

> Hi this message is for John, John Bouba Barkwende this is Darren Smith, give me a call at 800-214-2098 that number again is 800-214-2098. I am at extension 2005. Call me as soon as possible.

33. On July 26, 2017, being within one year immediately preceding the filing of this Complaint, Plaintiff received the following message on his cellular voicemail system, which could only be left by dialing his cellular telephone number, the voice message is transcribed as follows:

   > Hi this message is for John, John Barkwende this is Darren Smith, give me a call back at 800-214-2098 that number again is 800-214-2098. My extension is extension 2005. Thanks.

34. The Barkwende Messages were left by a person employed as a debt collector by HCS in connection with the collection of the Debt.

35. The Barkwende Messages were left for the purpose of attempting to collect the Debt.

36. The Barkwende Messages were left by debt collectors and intended to be received by a consumer (the Plaintiff) whom HCS assumed to be responsible for the Debt that HCS sought to collect.

37. The telephone number 800-214-2098 is answered by persons who are employed by HCS as "debt collectors" as defined by 15 U.S.C. §1692a(6).

38. Each and every one of the Barkwende Messages transcribed in Paragraph 29-33 are a "communication" as that term is defined by 15 U.S.C. §1692a(2).

39. At the time Plaintiff received the Barkwende Messages, he did not know anyone named Darren Smith.

40. At the time Plaintiff received the Barkwende Messages, he did not know the identity of the company that Darren Smith was calling on behalf of.

41. At the time Plaintiff received the Barkwende Messages, he did not know that the caller was a debt collector.

42. At the time Plaintiff received the Barkwende Messages, he did not know that the caller was a debt collector or who the company calling him and leaving voice messages was.

43. The only way for Plaintiff and/or any least sophisticated consumer to obtain the identity of the company leaving the Barkwende Messages, and to ascertain the purpose underlying the Barkwende Messages, is to place a return call to the telephone number provided in the Barkwende Messages and speak with a debt collector employed by HCS, and then provide that debt collector with personal information.

44. HCS intended that the Barkwende Messages have the effect of causing Plaintiff and other similarly situated least sophisticated consumers to place return calls to the telephone number provided in the Barkwende Messages and speak with its debt collectors as the sole means of obtaining the identity of the caller leaving the Barkwende Messages, and to ascertain the purpose underlying the Barkwende Messages.

45. At all times relevant to this action, HCS was aware that it was legally required to disclose in its telephonic voice messages left for consumers, such as the Barkwende Messages, that the call is from a debt collector.

46. At all times relevant to this action, HCS willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and other similarly situated consumers, such as in the Barkwende Messages, that the call was from a debt collector.

47. At all times relevant to this action, HCS was aware that it was legally required to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Barkwende Messages.

48. At all times relevant to this action, HCS willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for Plaintiff and other similarly situated consumers, such as in the Barkwende Messages.

## CLAIM FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

49. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

50. All of the voicemails transcribed in Paragraphs 29-33 violate 15 U.S.C. §§1692, §1692(d)(6), and §1692(e)(11).

51. HCS violated the FDCPA. HCS's violations with respect the Barkwende Messages transcribed in Paragraphs 29-33 include but are not limited to, the following:

    a. Placing telephone calls and leaving voice messages without providing meaningful disclosure of HCS's identity as the caller in violation of 15 U.S.C. §1692(d)(6); and

    b. Failing to disclose that HCS is a debt collector in violation of 15 U.S.C. §1692(e)(11).

52. Section 1692d provides:

    **§1692d.** **Harassment or abuse**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (6) The placement of telephone calls without meaningful disclosure of the caller's identity.

53. HCS violated 15 U.S.C. §1692d(6) because the Barkwende Messages did not state that the calls were coming from HCS and provided no other meaningful disclosure that the calls were coming from HCS.

54. Plaintiff, as any least sophisticated consumer would be, was unaware from listening to the Barkwende Messages that the Barkwende Messages were left by HCS or persons working for HCS.

55. Section 1692e provides:

**§1692e.    False or Misleading Representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

56. HCS violated 15 U.S.C. §1692e(11) because the Barkwende Messages did not disclose that the communications were from a debt collector.

57. The Barkwende Messages were harassing, oppressive, and/or abusive collection conduct insofar as HCS failed to give meaningful disclosure of its identity in the Barkwende Messages.

58. The Barkwende Messages were false, deceptive, and/or misleading insofar as HCS failed to disclose in the Barkwende Messages that it was a debt collector.

59. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that Defendant's conduct violated 15 U.S.C. §1692d(6) and 15 U.S.C. §1692e(11) and for statutory damages costs and attorneys' fees pursuant to 15 U.S.C. §1692k.

**POLICIES AND PRACTICES COMPLAINED OF**

60. The Barkwende Messages transcribed in Paragraphs 29-33 are substantially similar to each other.

61. The Barkwende Messages are substantially similar to each other in their content. None of the Barkwende Messages either (1) state that the call is coming from HCS or otherwise disclose HCS identity as the caller; and/or (2) state that the call is coming from a debt collector, that HCS is a debt collector, or the purpose of the call is for debt collection. The similarity amongst the five Barkwende Messages is not by accident, as indicated by the fact that the Barkwende Messages were left by a live person. When messages like the Barkwende Messages are left by live persons and are substantially similar in that they lack the §1692d(6) and §1692e(11) disclosures, the messages are left by reading from a script given to employees to follow when leaving a voice message.

62. It is inferred and Plaintiff so alleges that, at all times relevant to this Complaint, it is or was HCS's policy and practice to leave telephonic voice messages, which are similar to the Barkwende Messages transcribed in Paragraphs 29-33, for consumers and other persons like Plaintiff throughout the State of New Jersey.

63. Such messages, like the Barkwende Messages left for Plaintiff, violate the FDCPA by uniformly failing to:

    a. Provide meaningful disclosure of HCS's identity as the caller; and

    b. Disclose that the communication was from a debt collector.

64. Such policy and practice is in violation of 15 U.S.C. §1692(d)(6) and 15 U.S.C. §1692e(11).

65. Upon information and belief, HCS's uniform policy and practice of leaving scripted telephonic voice messages ensures that everyone will receive a similar message to the Barkwende Messages, each of which fails to provide meaning disclosure of HCS's identify as the caller and fails to disclose that the communication is from a debt collector.

66. Based on HCS's uniform policy and practice, Plaintiff reasonably believes and alleges that such messages were left for hundreds of consumers throughout the State of New Jersey.

## CLASS ALLEGATIONS

67. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

68. The class is initially defined as (1) all persons located in New Jersey, (2) for whom HCS left, or caused to be left, a voice message, (3) in connection with the collection of a consumer debt, (4) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, (5) where the message HCS left for the consumer is materially identical to the following message:

> "Hi this message is for (debtor/co-debtor) this is (HCS's employee's name), give me a call back at (number) that number again is (number). My extension is extension (number)."

69. The class definition above may be subsequently modified or refined.

70. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

71. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of members of the class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

    b. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of Defendant's identical conduct particular to the matter at issue; (b) whether the HCS's telephonic voice messages, such as the Barkwende

Messages transcribed in Paragraphs 29-33 of this Complaint, violated 15 U.S.C. §1692d(6) and/or 15 U.S.C. §1692e(11) (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

c. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

d. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that HCS violated 15 U.S.C. §§1692d, 1692d(6), 1692e and 1692e(11);

3. An award of statutory damages for John Bouba Barkwende and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
April 19, 2018

                              /s/ Ryan Gentile
                     By:_____
                              Ryan Gentile, Esq.

Law Offices of Gus Michael Farinella PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
rlg@lawgmf.com

**<u>NOTICE OF ASSIGNMENT</u>**

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

The Law Offices of Gus Michael Farinella, PC

By:  /s/ Ryan Gentile
_____
Ryan Gentile